IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN EUGENE WELLS, ) | |
| ) | |
| Petitioner, ) | Civil No. 07-1117-TC |
| ) | |
| ) | |
| v. ) | FINDINGS AND RECOMMENDATION |
| ) | |
| ) | |
| NANCY HOWTON, ) | |
| ) | |
| Respondent. ) | |

COFFIN, Magistrate Judge.

## BACKGROUND

Petitioner was convicted in state court on two counts of sexual abuse in the first degree. This court denied relief on all of petitioner's numerous habeas claims by finding that some failed on the merits and that some were procedurally defaulted. The Ninth Circuit Court of Appeals reversed in part on the issue of procedural default and remanded the matter to this court to review on the merits

1 - FINDINGS AND RECOMMENDATION

the first claim of ineffective assistance of appellate counsel and the fourth claim of deprivation of due process and fundamental fairness. The First and Fourth claims have not been considered in any manner by the Oregon appellate courts.

Respondent argues that no harm could possibly have come to petitioner regardless of whether he had effective appellate counsel because there were no meritorious issues to be raised on appeal.

Petitioner currently seeks a new direct appeal to the Oregon appellate courts and respondent stated at oral argument that a new direct appeal would be the appropriate remedy if petitioner prevailed before this court in this matter. As discussed in more detail below, petitioner should be granted relief in the form of a new direct appeal to the Oregon appellate courts.[1]

---

[1]This is an unusual case and it has a somewhat complicated procedural history and current posture. As such, the following persuasive excerpts from petitioner's counsel are worth noting:

> Mr. Wells contends that he is entitled to relief from both his conviction and sentence based on his claims presented herein. However, Mr. Wells acknowledges that should this court focus on his first claim for relief, the ineffective assistance of appellate counsel, the claim is rather unique. It may be that this court is convinced that appellate counsel was ineffective, but is concerned about granting relief based on a finding that Mr. Wells would have prevailed on appeal with an effective appellate advocate. In that event, Mr. Wells suggests that this court simply grant Mr. Wells some more limited relief, and specifically order the State to provide Mr. Wells with a new direct appeal - this time with competent counsel. This would allow the state courts to address the merits of these appellate claims in the first instance.... A grant of a new appeal would be an appropriate equitable remedy if this court is concerned about granting relief on the underlying conviction based on a claim of ineffective assistance of appellate counsel alone. P.p. 16-17 of Petitioner's Reply to Supplemental Response(#59).
>
> The State is insistent that no harm could possibly come to Mr. Wells regardless of whether he had any appellate counsel since there were no meritorious issues to be raised on appeal. Mr. Wells contends that there were numerous meritorious issues that should have been raised. Both parties cite Oregon law supporting their claims. Mr. Wells suggests that there is a simple way to determine whether or not Mr. Wells had valid claims under Oregon law that should have been raised on appeal: let the Oregon Court of Appeals make the decision. This is an exceptionally rare case....There is every reason to question whether Mr. Wells received a constitutionally sufficient direct appeal as guaranteed by the Due Process Clause....If

2 - FINDINGS AND RECOMMENDATION

## DISCUSSION

Petitioner asserts in his first claim of ineffective assistance of appellate counsel and his fourth claim of deprivation of due process and fundamental fairness that his appointed appellant counsel did not raise certain issues on direct appeal. Among the issues not raised on direct appeal was the petitioner's assertion that the trial court improperly allowed the state's witnesses to testify that they diagnosed the alleged victims as suffering from sexual molestation.

Indigent defendants have a right protected by Due Process to the effective assistance of counsel on their first appeal from any criminal conviction. See Douglass v. California, 372 U.S. 353 (1963). While grounded in Due Process under the Fourteenth Amendment as opposed to the Sixth Amendment, the analysis of whether counsel was effective follows the same line of authority. Thus, the duty of appellate counsel on a first appeal is the same as the duty of trial counsel - to be a zealous advocate. Douglass, 372 U.S. at 353. Specifically, appointed counsel are obligated to review the record to discover any non-frivolous issues and raise such issues if found. Delgado v. Lewis, 223 F.3d 976, 980 (9th Cir. 2000).

When an allegation is made that appellate counsel has failed in these obligations, the issues are reviewed under either Penson v. Ohio, 488 U.S. 75 (1988), which applies whenever there is a functional deprivation of counsel, or Strickland v. Washington, 466 U.S. 668, 687 (1984), which applies whenever counsel is functionally present but arguably ineffective. As discussed below,

---

the State is accurate that none of Mr. Wells contentions were adequately preserved or could have prevailed on appeal, then the State cannot possibly be prejudiced by allowing the Oregon Courts to consider those issues, and this court should grant Mr. Wells the limited relief of a single, constitutionally sufficient, direct appeal.

P.p. 1-2 of Petitioner's Sur-reply (#70).

3 - FINDINGS AND RECOMMENDATION

petitioner prevails in this matter under Penson, and, alternatively, under Strickland.

The State appointed Daniel O'Dell to represent petitioner in his appeal after petitioner was convicted at trial. Petitioner spent considerable time and effort attempting to contact O'Dell to discuss the issues that should be raised on appeal. O'Dell would not take petitioner's calls, would not respond to letters sent by petitioner and would not return calls made by petitioner's father on behalf of petitioner. Petitioner then contacted entities including the Oregon Indigent Defense Services, the Oregon Court of Appeals, The Oregon State Bar, and the Oregon State Public Defender's Office asking them to help ensure that an appeal was appropriately prepared and to have O'Dell get in touch with petitioner.

O'Dell never contacted petitioner. Instead, he filed an appellant's opening brief that only raised a formulaic challenge to the constitutionality of Oregon's Measure 11. By the time this brief was filed in December of 2002, the claim had been rejected by all state and federal courts having addressed the issue, including the Ninth Circuit Court of Appeals. O'Dell then disappeared with petitioner's file, which meant that petitioner had to file his post-conviction petition without the benefit of his trial transcript or evidence.

As a result of an investigation concerning O'Dell's representation of petitioner and others, the Oregon State bar found that O'Dell neglected and abandoned petitioner and other clients. O'Dell was suspended for three years.

Prejudice under Penson is presumed where a defendant is unrepresented by counsel altogether, whether the denial is actual or constructive. See also Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000).

Respondent argues that Penson does not apply because O'Dell did file an appellate brief.

4 - FINDINGS AND RECOMMENDATION

However, even though O'Dell filed a brief, it only contained one frivolous argument and amounted to a constructive denial of appellate counsel in the circumstances of this case. It is worth noting, for the purpose of analogy, that the Ninth and other circuits have held that attorney conduct such as sleeping or being intoxicated can be inherently prejudicial and the mere physical presence of counsel does not fulfill the Sixth Amendment entitlement to assistance of counsel. See, e.g., Javor v. United States, 724 F.2d 831, 833-834 (9th Cir. 1984); Muniz v. Smith, 2011 WL 3211501, *3 (6th Cir. 2011).

Petitioner suffered the constructive denial of appellate counsel, and, as such, the presumed prejudice standard of Penson applies and entitles petitioner to the relief sought of a new direct appeal.

Alternatively, petitioner can also meet the standard for relief under Strickland.

Review of a claim of ineffective assistance of counsel under Strikland involves a two part analysis.

A petitioner alleging ineffective assistance of counsel first must show that counsel "made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight.[2] Id. at 689-90. The reasonableness of counsel's actions "may be determined or substantially influenced by

---

[2] "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

5 - FINDINGS AND RECOMMENDATION

defendant's own statements or actions." Id. at 691.

The second part of the analysis looks at the consequence of any error counsel is found to have made. The error must have been "so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable." Id.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. The petitioner must affirmatively prove the prejudice. Id. at 693. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome . . ., and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. However, a petitioner "need not show that counsel's deficient conduct more likely than not altered the outcome of the case." Id. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

Unless a petitioner shows both error and prejudice, "it cannot be said that a conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 686.

As discussed below, it can be said that appellate counsel O'Dell unreasonably erred by not asserting that the trial court improperly allowed the state's witnesses to testify that they diagnosed the alleged victims as suffering from sexual molestation. It can also be said there is prejudice from such error because there is a reasonable probability that, but for the error, the result of the proceeding would have been different.

In State of Oregon v. Southard, 347 Or 127 (2008), the Oregon Supreme Court granted relief because of the admission into evidence of the type of "diagnosis" at issue in the present case, i.e., the opinion of a purported expert without any physical evidence. The Southard Court held that this

6 - FINDINGS AND RECOMMENDATION

was ultimately nothing more than a credibility determination by a witness:

> It also follows that the doctor's ultimate conclusion in this case-that sexual abuse had occurred-did not turn on an abtruse matter of science; rather, it turned primarily on the sort of credibility determination that lay jurors ordinarily make.

347 Or at 135. Then, in State v. Lupoli, the Oregon Supreme Court confirmed that the analysis applies to individuals such as nurses and social workers. 348 Or at 353-57.

Respondent argues that appellate counsel's decision not to assign error to the admission of this testimony did not fall below that of a reasonable lawyer at the time of the appeal. Respondent cites several cases from the Oregon Court of Appeals where testimony was allowed, see, e.g., Umberger v. Czerniak, 232 Or App 563 (2009); State v. Sanchez-Cruz, 177 Or App 332, rev. den. 333 Or 463 (2001); Balogh v. Howton, 233 Or App 614 (2010); State v. Wilson, 121 Or App 460, rev. den. 318 Or 61 (1993). However, the Oregon Supreme Court decisions in Southard and Lupoli did not cover new ground, nor did the decisions overturn prior Oregon precedent. Instead, as the Oregon Supreme Court stated in Southard, the analysis simply continued a debate that had been ongoing for decades:

> The parties' debate invokes familiar principles. Over the past 25 years, this court has considered, in a series of cases, when scientific evidence will be admissible ....

347 Or at 133.

The series of cases and body of case law included a determination from 1983 that no "witness, expert or otherwise, may give an opinion on whether [the witness] believes a[nother] witness is telling the truth." Lupoli, 348 at 348 (quoting State v. Middleton, 294 Or 427, 438 (1983)). Counsel were raising this precise issue at the time of Mr. Wells appeal and ultimately prevailed. As the Ninth Circuit has stated - in rejecting an argument similar to respondent's argument here in a similar

7 - FINDINGS AND RECOMMENDATION

context - counsel's failure to argue viable legal theories to the benefit of his client constitutes ineffective assistance:

> The State argues that counsel cannot be faulted for failing to anticipate the Oregon Court of Appeals decision in Alison. This argument misses the mark. We do not fault counsel for his failure to foresee which interpretation of section 137.635 the Oregon courts would later embrace. We do fault counsel, however, for his failure to recognize that section 137.635 was subject to multiple interpretations, one of which might have saved his client several years of imprisonment.

Burdge v. Belleque, 290 Fed. Appx 73, 77 n.3 (9th Cir. 2008). Mr. Burdge received relief because his counsel failed to pursue a viable theory on his behalf that was subsequently adopted by the Oregon courts. Petitioner is entitled to relief as well.

## CONCLUSION

The amended petition for a writ of habeas corpus (#18 and #72) should allowed to the extent the State of Oregon should be ordered to provide petitioner with a new direct appeal with competent counsel as set forth in more detail above.

DATED this 22 day of August, 2011.

Thomas M. Coffin
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION